WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Compass North Industries LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David B. Taylor; Tiffini Taylor; Bravada Yacht Sales Incorporated; Unlimited Boat Sales Incorporated; Unlimited Houseboat Services Incorporated; Taylor Yachts Incorporated; Chad Orth; Coleen Orth,<br><br>　　　　　Defendants. | No. CV-14-00034-PHX-GMS<br><br>**ORDER** |
| Unlimited Boat Sales Incorporated, et al.,<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>Compass North Industries LLC, Steven James Goettl, Tracey Goettl,<br><br>　　　　　Counterdefendants. | |

Pending before the Court is the Motion to Quash Subpoena Issued to Non-Party Thoroughbred Houseboats, (Doc 53), by the Taylor Defendants/Counterclaimants.

**BACKGROUND**

Defendant David Taylor and Counter Defendant James Goettl once intended to work together in the manufacture and sale of house boats under the name and trademark BRAVADA. Now, they and the companies and individuals with whom they are currently working are litigating various claims against each other based on the fallout from that

relationship. These claims include alleged violations of the Lanham Act, misappropriation of trademarks and trade secrets, and breach of covenants and duties. (Docs. 39, 47, 48.)

The parties held a Rule 26(f) discovery conference on March 28, 2014. During that meeting, Plaintiff Compass North Industries, LLC ("CNI") informed Defendants that they intended to pursue discovery from non-party Thoroughbred Houseboats ("Thoroughbred"). In fact, CNI had already issued and served a subpoena on Thoroughbred the day before, on March 27.

Defendants filed a Motion to Quash Subpoena arguing that the subpoena was served prematurely and without notice. (Doc. 53.) Defendants further argue that it creates an undue burden, relates to trade secrets and proprietary business records, and a protective order has not yet been entered to cover such disclosure. (*Id.*)

## DISCUSSION

**I.   Legal Standard**

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993).

As a general principle, however, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Additionally, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . , then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

To obtain discovery, a party may, through the clerk of the appropriate district, issue a subpoena pursuant to Rule 45. Rule 45 also provides circumstances in which a court must or may quash or modify a subpoena. The Court must do so if the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). A court may do so "if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B). The party seeking to have a subpoena quashed bears the burden of persuasion under Rule 45(d)(3). *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

**II.  Analysis**

   **A.  Procedural Grounds**

Defendants first ask that the Court quash the subpoena because CNI issued it before the Rule 26(f) conference and without serving Defendants either notice or a copy of the subpoena. CNI concedes that its subpoena was premature but argues that this procedural violation was already addressed between the parties when it voluntarily gave an extension of the deadline to object or respond to the subpoena. Although in their first motion Defendants argue that this mistake alone should merit dismissal because "is not a minor technical violation of the rule in this case" (Doc. 53 at 4), in the reply they acknowledge that CNI attempted to remediate the problem and they argue that these violations "are factors which the Court can, and should, take into consideration when evaluating whether to quash the Subpoena." (Doc. 59 at 10).

Here, CNI notified Defendants about their intent to issue a subpoena one day after service rather than before. CNI insists that it did not realize the subpoena would be served so quickly. It acknowledged its mistake and made an accommodation that placed Defendants in the same position they would have been in had the subpoena been served one day later. Any harm caused by this violation was remediated by the extended deadline and there is no purpose for this Court to quash the subpoena months after it was

issued when it was only one day premature.

### B. Undue Burden, Expense, or Inconvenience

Defendants argue that the subpoena places an undue burden on the third party, Thoroughbred, and that the information can be more appropriately obtained directly from Defendants. However, the objection letter from Thoroughbred does not argue that the disclosure is unduly burdensome. (Doc. 56-1 Ex. F.) Defendants argue that it is unduly burdensome to require a third party to produce documents when they can be obtained from the party defendants, but in the case they cite the magistrate judge also relied on the fact that over ten years' of records were sought. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005). The other cases cited by Defendants only establish that courts may restrict discovery from third parties, not that a court must do so. *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (noting only that "restriction may be broader when a nonparty is the target of discovery"); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that is was not error for the court to defer discovery from a third party in an ancillary proceeding).

Here, the subpoena seeks only two years of documents, not over ten. Defendants have not demonstrated or even argued that a large number of such luxury houseboats, apparently retailing at over a million dollars, were produced during this time. The possibility that some of the documents sought are also available from Defendants does not make the subpoena improper. Defendants are equivocal on this point and seem to concede that not all of the documents can be obtained from them. (*See* Doc. 53 at 6 (Arguing that direct discovery from the Defendants "seeks nearly all categories of documents that are also being sought by the Thoroughbred subpoena."); Doc. 59 at 9 ("[C]urrently pending discovery requests . . . cover most, if not all, of the documents being sought from nonparty Thoroughbred . . . .").) Defendants have not met their burden to establish that there is undue burden, expense, or inconvenience caused by the subpoena in this case.

### C. Trade Secrets and Protective Order

Defendants' final two arguments for quashing the subpoena are both interrelated and somewhat inconsistent. On the one hand, Defendants argue that CNI has not sufficiently identified what trade secrets it is seeking or proven that they are in fact trade secrets. On the other hand, Defendants argue that the trade secrets and other proprietary and confidential business information cannot be disclosed until a protective order is in place.

As to the first argument, the documents sought are described with sufficient clarity for Thoroughbred to respond to the subpoena. CNI's ability to subpoena documents is not limited to only those documents constituting the trade secrets that were allegedly misappropriated as part of one count in this case. Rule 26 provides for a broad scope of discovery. Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). There are multiple claims and counterclaims at issue and most are not based only on trade secrets. CNI does not need to prove that the documents are trade secrets in order to make them relevant during discovery. It will only have to do so when it attempts to establish misappropriated trade secrets at trial or on motion.

Instead, it is Thoroughbred or the Defendants opportunity to object to the discovery of any documents that contain trade secrets. This relates to Defendants final argument, that such document should not be disclosed until a protective order is in place. However, Defendants first argue that most of the materials in dispute are not trade secrets, or at least that CNI cannot prove that they are. Defendants then argue that the documents should not be disclosed because they are trade secrets, or at least confidential or proprietary information.

This final concern about a protective order is well taken but Defendants should have continued to work on it in good faith with CNI before raising it here. The parties

had their Rule 26(f) conference on March 28, 2014. Both seemed in agreement that a protective order would be required and CNI sent a draft less than two weeks later on April 9. Just over two weeks after that, on April 25, Defendants returned a redlined version with suggested changes. One week later, on May 2, Defendants submitted the Motion to Quash. On May 9, CNI responded to the redlined changes. A week later, on May 16, it submitted its response to the Motion to Quash.

This sequence of events does not suggest that the parties reached an impasse before bringing this matter before the Court. Although Defendants or Thoroughbred may have a right to move for a protective order, such a motion must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" Fed. R. Civ. P. 26(c)(1).

Although a Court may quash or modify a subpoena that seeks disclosure of a trade secrets or other confidential research, development, or commercial information; Defendants have not met their burden to show that doing so would be appropriate here. Defendants should work in good faith to reach a proposed protective order with the other parties in this case and only raise the issue with this Court if such efforts have failed.

### D.     Other Issues

The parties raise several other arguments that the Court declines to address at this time. Both parties argue that the other lacks standing to bring certain aspects of their arguments in these motions. However, the Court did not rely on any of the grounds where standing is in dispute. The undue burden and other substantive arguments that Defendants may have asserted on behalf of Thoroughbred were unsuccessful. The Court did not rely on the alleged joint venture between Taylor and Goettl that CNI may have asserted on behalf of Goettl.

Finally, the parties each proposed various ways in which they might compromise including disclosure to an expert, a designation for attorney's eyes only, or giving Defendants an opportunity to redact the materials and submit a privilege log. The parties

are encouraged to discuss these and other ideas with each other as they fashion a proposed protective order and move forward with discovery including any modifications to the subject subpoena that they wish to agree on. At this juncture, Defendants have not demonstrated that the Court's intervention is warranted as to the subpoena or a protective order.

**IT IS HERBY ORDERED** that the Motion to Quash Subpoena Issued to Non-Party Thoroughbred Houseboats (Doc 53) is **DENIED**.

Dated this 19th day of June, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge